UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLEN HUBBARD,<br><br>        Plaintiff,<br><br>  -vs-<br><br>CORPORATION OF GONZAGA UNIVERSITY,<br><br>        Defendant. | NO. CV-13-0072-LRS<br><br>**ORDER GRANTING DEFENDANT GONZAGA'S MOTION FOR SUMMARY JUDGMENT MOTION** |

**BEFORE THE COURT** is Defendant Corporation of Gonzaga University's ("Gonzaga") Motion For Summary Judgment (ECF No. 12). A telephonic oral argument was held on March 20, 2014. The Court granted Gonzaga's motion at the conclusion of the hearing. This order is entered to memorialize and supplement the Court's ruling in favor of Defendant.

**I.  SUMMARY OF BACKGROUND FACTS AND ARGUMENTS**

Plaintiff Alan Hubbard ("Hubbard") is a professional photographer based in Spokane. Hubbard has taken many photographs of athletes including various athletes associated with Gonzaga University. Hubbard has applied for and received copyright registrations on his various photographs including photographs of athletes and others affiliated with Gonzaga University.

///

ORDER - 1

On February 27, 2006, Hubbard filed civil Cause No. CV-06-64-EFS, in the U.S. District Court for the Eastern District of Washington, against the Corporation of Gonzaga University. ECF No. 14. On May 25, 2006, Hubbard filed a First Amended Complaint in Civil Cause No. CV-06-64-EFS, adding eleven (11) additional defendants to whom it was alleged that Gonzaga provided photographs. *Id*.

On November 29, 2006, and before discovery in that litigation was taken, the two primary parties (Hubbard and Gonzaga) attended a Settlement Conference in Yakima, Washington, before a Magistrate Judge. Gonzaga was the only defendant that attended the Settlement Conference and did so in order to reach a global settlement with Hubbard which would include the dismissal of the first Hubbard lawsuit against all defendants. Hubbard and Gonzaga reached a global settlement at the Settlement Conference, which required the parties to, among other things, prepare a written license agreement to all the Hubbard photographs taken for Gonzaga. ECF No. 12.

On January 22, 2007, Hubbard and Gonzaga entered into a license agreement. Hubbard claims he granted Gonzaga the right to make certain "limited" use of various photographs "for purposes of promoting Gonzaga University, its programs and activities." Hubbard further asserts that Gonzaga has infringed his copyrights in his photographs and has violated the terms of the License Agreement, by, in part, reproducing Hubbard's copyrighted photographs and displaying or otherwise using them

ORDER - 2

prominently in and on various DVD videos[1] that are sold commercially and at a profit. Hubbard concludes that the phrase "for purposes of promoting Gonzaga University" is ambiguous relative to Gonzaga's profit-making use of the photographs and that whether or not a contractual term is ambiguous is a question of fact. Hubbard seeks to introduce extrinsic evidence, primarily from two prior discussions or interactions he had with a Gonzaga representative occurring in January of 2003 and in 2005, to clarify what he intended, i.e., use of his photographs for only non-commercial, internal publications. ECF No. 21.

Gonzaga argues that it paid $55,000 to Hubbard in consideration for the copyright rights licensed pursuant to the License Agreement. Further, Gonzaga argues, paragraph 1 of the License Agreement entered into by Hubbard (who was represented by an attorney) and Gonzaga on January 22, 2007, is plain and reads:

> 1. Allen Hubbard ("Licensor") hereby grants The Corporation of Gonzaga University ("Licensee") a non-exclusive, royalty-free, perpetual license to any and all photographs Licensor has taken prior to the date of this License, for or related to Gonzaga University, its students, sports and all other activities and physical facilities ("Hubbard/Gonzaga Photographs") including, without limitation, the right to reproduce, distribute, publish, transmit, modify and display any and all of said photographs, for use in any media, for purposes of promoting Gonzaga University, its programs and activities.

ECF No. 14-1.

---

[1] Specifically involved in the instant lawsuit is the "*Gonzaga University Celebrating the Decade of Excellence 1999-2009*" DVD ("Decade of Excellence" DVD).

ORDER - 3

Gonzaga submits, by declaration, that the "plain meaning" of the phrase "for purposes of promoting Gonzaga University" is broad, and dictionary definitions reflecting the plain meaning include "the act of furthering the growth or development of something", "to contribute to the growth, enlargement or prosperity of", and "the act of setting up or furthering a business enterprise." Gonzaga concludes that the scope of paragraph 1 of the 2007 License Agreement does not contain restrictions, as Hubbard argues, to prevent Gonzaga from selling the Decade of Excellence DVD's commercially or for a profit to promote Gonzaga University or restrict Gonzaga to using the photographs only in internal publications.

## II. DISCUSSION

The Court finds that the 2007 License Agreement is plainly worded and the scope is not as restrictive as Hubbard would have this Court hold. The 2007 License Agreement has licensed Gonzaga to have, **without limitation**, the right to reproduce, distribute, publish, transmit, modify and display any and all photographs taken prior to January 22, 2007, for use in any media, for purposes of promoting Gonzaga University, its programs and activities.

The Court finds that under *Berg v. Hudesman*,[2] and its progeny, extrinsic evidence that directly contradicts that which is clear in the contract cannot be put worth to clarify what a party to the contract claims was "intended." In light of the Court's determination of the scope of the 2007 License Agreement attained from the plain meaning of

---

[2] *Berg v. Hudesman*, 801 P. 222, 115 Wn.2d 657, 662 (Wash. 1990).

ORDER - 4

section 1, the Court further finds the Decade of Excellence DVD falls within the scope of the license granted.[3]

After reviewing the files and records herein, and the Court having been fully advised, it is hereby:

**ORDERED, ADJUDGED AND DECREED**, that Defendant Gonzaga's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED** and all claims against Defendant Gonzaga are dismissed with prejudice. The Court specifically finds that the 2007 License Agreement:

(1) Does not prohibit Gonzaga, in using Hubbard photographs taken prior to January 22, 2007, from making a profit;

(2) Does not prohibit Gonzaga, in using Hubbard photographs taken prior to January 22, 2007, from using them in a commercial way;

(3) Does not restrict Gonzaga to only using Hubbard photographs taken prior to January 22, 2007 in Gonzaga's own publications;

(4) Does license Gonzaga to "the right to reproduce, distribute, publish, transmit, modify and display any and all of said photographs, for use in any media, for purposes of promoting Gonzaga University, its programs and activities"; and

(5) The use of the Hubbard photographs taken prior to January 22, 2007 in the *Gonzaga University Celebrating the Decade of Excellence 1999-2009* DVD and the production and sale of the DVD were "for purposes of promoting Gonzaga University, its programs and activities" and therefore

---

[3] Plaintiff Hubbard has not disputed that the photographs used in the Decade of Excellence DVD were taken prior to January 22, 2007.

ORDER - 5

within the scope of the 2007 License Agreement to Gonzaga.

The District Court Executive is directed to enter this Order, enter judgment consistent with this order, and **CLOSE FILE.**

**DATED** this 26th day of March, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE